IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| HOWARD DODSON | * |
|  | * |
| Plaintiff, | * |
| v. | Case No.: GJH-13-02916 |
|  | * |
| PRINCE GEORGE'S COUNTY, ET AL., |  |
|  | * |
| Defendants. |  |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Before the Court is Defendants' joint motion for bifurcation and limited stay of discovery, ECF No. 28, as well as Plaintiff's motions to compel and for sanctions, ECF No. 31. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons stated below, the Court GRANTS Defendants' joint motion for bifurcation and limited stay of discovery and DENIES Plaintiff's motions to compel and for sanctions.

I.   **BACKGROUND**

On March 7, 2011, policemen from the Prince George's County Police Department responded to a call reporting an individual brandishing a fireman and threatening residents. *See* ECF No. 1 at ¶ 14. When officers arrived on the scene, they determined that Plaintiff was the reported suspect. *Id.* Although the exact facts and circumstances surrounding the subsequent events remain in dispute, it is undisputed that members of the Prince George's County Police Department ultimately shot and killed Plaintiff. *Id.* As a result, Plaintiff's estate filed suit against

the responding officers, the Prince George's County Police Department, the Prince George's County Police Chief Mark Magaw, and Prince George's County for various causes of action, including claims for violation of 42 U.S.C. §1983. Specifically, Plaintiff claims the responding officers violated §1983 through their use of excessive force (*id.* at ¶¶ 36-44) and for their failure to intervene (*id*. at ¶¶ 45-48). Plaintiff has also filed a *Monell* claim against Prince George's County, the Prince George's County Police Department, and Police Chief Mark Magaw (collectively, the "County Defendants"); that is, Plaintiff contends that the County Defendants violated §1983 by "condoning particular customs, polices and/or practices [that] proximately caused the death of [Plaintiff]." *Id.* at ¶ 50. Defendants have filed a joint motion to bifurcate the *Monell* claim (Count IV) from the remaining four causes of action. *See* ECF No. 28-1 at 2. In doing so, Defendants ask that there "be separate trials of those issues relating to Plaintiff's claims against the 'active' defendant officers from that of Plaintiff's claims against the 'inactive defendants'" (*i.e*. the County Defendants). *Id.* at 5. Additionally, Defendants have asked that discovery regarding Plaintiff's *Monell* claim "be stayed to the extent it does not relate to the claims against the active defendants officers." *Id.*  For the reasons discussed below, the Court will grant Defendants' motion to bifurcate and to stay discovery with respect to the *Monell* claim.

**II.   DISCUSSION**

Under the Federal Rules of Civil Procedure, the Court may order separate trials of any claims or issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R.Civ.P. 42(b). The Court has broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused. *See Dixon v. CSX Transp., Inc.*, 990 F. 2d 1440, 1443 (4th Cir. 1993).

Although the determination of whether bifurcation is appropriate is fact specific, *Dawson v. Prince George's County*, 896 F. Supp. 537, 540 (D. Md. 1995), this Court routinely orders bifurcation in § 1983 cases where, as here, a plaintiff has asserted claims against individual government employees as well as the municipal entity that employs and supervises those individuals. *See id.*; s*ee also Marryshow v. Bladensburg*, 139 F.R.D. 318, 318–19 (D. Md. 1991); *Ransom v. Baltimore County*,111 F. Supp. 2d 704, 708 (D. Md. 2000); *Gray v. Maryland*, 228 F. Supp. 2d 628, 638 (D. Md. 2002); *Fether v. Frederick Cnty.*, No. 12-1674, 2013 WL 1314190, at *8 (D. Md. Mar. 29, 2013); *Gray v. Torres*, No. 08-1380, 2009 WL 2169044, at *5 (D. Md. July 17, 2009); *Savage v. Mayor & City Council, Salisbury, MD*, No. 08-3200, 2009 WL 1119087, at *5 (D. Md. Apr. 22, 2009); *McIntosh v. District of Columbia*, No. 96-0200, 1997 WL 785624, at *8 (D.D.C. Dec. 9, 1997). This is because municipal liability in the § 1983 context is dependent upon an initial finding that a government employee violated a plaintiff's constitutional rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (recognizing that under § 1983, municipalities are directly liable for constitutional deprivations only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"); *see also Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987); *Dawson*, 896 F. Supp. at 540.  Accordingly, "[s]ection 1983 cases are good candidates for bifurcation because a subsequent trial of the municipality is necessary only if the government employees are found liable." *Okezie v. Prince George's Cnty.*, No.13-0168, 2014 WL 1334188, at *1 (D. Md. Apr. 1, 2014).

This case is no different.  Thus, for the reasons described in *Marryshow*, 139 F.R.D. 318, the § 1983 claims against the County Defendants based on their alleged custom or policy will be bifurcated from the rest of the issues in this case and stayed until the remaining claims have been

resolved. As in *Marryshow*, proof of any liability for the County Defendants based on a custom or policy requires a showing that there was a civil rights violation by one of the responding officer defendants. *See id*. at 319. In addition, as in *Marryshow*, proof of a custom or policy by the County Defendants will likely require Plaintiff to introduce evidence that would be irrelevant to the liability of the officers. *See id*. at 319-20. Therefore, "to maximize efficiency and convenience, and minimize unfair prejudice and delay, the proceedings will be bifurcated, and discovery on the claims which require proof that [Plaintiff] was injured by the custom or policy of" the County Defendants will be stayed until his other claims have been resolved. *Gray*, 228 F. Supp. 2d at 638; *see also Fether*, No. 12-1674, 2013 WL 1314190, at *8; *Savage*, No. 08-3200, 2009 WL 1119087, at *5.[1] Accordingly, the Court will grant Defendants' joint motion to bifurcate Plaintiff's *Monell* claim from the remaining claims and orders that Plaintiff's *Monell* claim be tried separately (if at all) following the completion of a trial on Plaintiff's remaining claims.

Additionally, because the Court has granted Defendants' joint motion for stay of discovery, Plaintiff's motion to compel Prince George's County to respond to various discovery requests will be denied, without prejudice, as that motion is now moot. Should Plaintiff file a renewed motion to compel in the future, he is reminded that Local Rule 104.8 governs such motions. *See* Local Rule 104.8 (D. Md.). Any motion to compel that is not filed in accordance

---

[1] Rather than address (much less distinguish) the authority cited by Defendants in their motion to bifurcate (including *Marryshow*), Plaintiff relies on two out-of-circuit cases to argue that bifurcation is improper: "*Welcker v. Beckman*, 746 F. Supp, 583 (ED. Pa 1990)" and "*McCoy v. City of New York*, (E.D.NY 2008)." ECF No. 31 at 3. Plaintiff's citations to these cases, however, are either incorrect or incomplete. The Court is therefore unable to locate these cases to determine whether there is any basis to depart from the Fourth Circuit's well-established practice of bifurcating § 1983 claims against "inactive" defendants from § 1983 claims against "active" defendants. Moreover, nothing about the way in which Plaintiff has described these cases gives the Court any pause about following the decisions of *Marryshow* and its progeny.

with Local Rule 104.8 may be summarily stricken from the Court's docket.  Finally, having denied Plaintiff's motion to compel, there is no basis upon which to grant Plaintiff's motion for sanctions relating to Defendants' failure to respond to various discovery requests.

### III.     CONCLUSION

For the aforementioned reasons, the Court will GRANT Defendants' joint motion for bifurcation and will stay discovery regarding Plaintiffs' *Monell* claim.  Additionally, the Court will DENY Plaintiff's consolidated motion to compel and for sanctions.

Dated: September 25, 2014                                    /S/
                                                                           George Jarrod Hazel
                                                                           United States District Judge